596

[No. 269-41356-2. Division Two. March 31, 1971.]

FORREST ARCHER, *Respondent*, v. E. C. WILLOUGHBY *et al.*, *Appellants.*

*Warren F. Andrews,* for appellants.

*Robert W. Copeland* (of *Hodge, Mann, Copeland & King*), for respondent.

PEARSON, J.—This is a suit on an oral employment contract. The parties disagree over the compensation due to the plaintiff. It is undisputed that for 5½ months the plaintiff, Forrest Archer, worked as a carpenter for the defendant building contractor, E. C. Willoughby. During this time plaintiff, it is agreed, received $100 per week for his services. The dispute centers around whether or not in addition to this sum, the parties had agreed that plaintiff should receive additional compensation. Plaintiff claimed that it was agreed he should receive 10 per cent of any profits from the jobs on which he worked, or in any event not less than $150 per month. The defendant denied this claim.

After a trial in which conflicting evidence was presented about what the agreement of the parties entailed, the trial court entered findings of fact, conclusions of law and a judgment for plaintiff for a sum equal to $150 per month

for 5½ months. Defendant appeals, alleging that the findings of fact are unsupported by substantial evidence and that the findings of fact are insufficient to support the conclusions of law. We think neither of these assignments of error is well taken, although the written findings of fact are ambiguous as to the nature of the oral agreement originally made.[1]

The trial court did render an oral decision which may be read together with the findings of fact to clarify such findings. See Fite v. Fite, 3 Wn. App. 726, 479 P.2d 560 (1970). Using the terms "bonus" and "deferred compensation" interchangeably, the trial court indicated that it would find that plaintiff had shown he was entitled to $150 per month in compensation, in addition to the $100 per week he received.

What the trial court intended and did find was that the parties originally agreed that for plaintiff's work, he would presently receive $100 per week and thereafter would receive an additional minimum payment of $150 per month when the defendant received payments on his contracts. The trial court stated that there had been a failure of proof on the amount of profits made on the jobs on which plaintiff was employed. Thus, only the agreed minimum deferred or bonus compensation was awarded instead of 10 per cent of the profits.

When we examine the record, this factual resolution of the dispute between these parties is amply sup-

---

[1] Findings of fact 3 read:

"At the time of the employment, defendant agreed with the plaintiff that he would pay him a basic salary of $100.00 per week for a 40-hour work week; there was no specific agreement as to overtime, and there was some discussion about bonus or compensating payment, and in this regard the sum of $150.00 per month was discussed between the parties, it having been disclosed to the defendant E. C. Willoughby by plaintiff, that he had previously been paid $4.00 per hour."

Findings of fact 4 read:

"That after taking into account time off which was not compensated for by working extra time, the plaintiff worked a net total of 5-½ months."

Findings of fact 5 read:

"That deferred payment to adjust hourly differential at $150.00 per month for 5-½ months amounts to a total sum of $825.00."

ported by the testimony of several witnesses. Findings of fact supported by such substantial evidence will be upheld on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.